IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LARRY WELCH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-063 |
| | ) | |
| SHERIFF RICHARD ROUNDTREE; | ) | |
| MAJOR JACK FRANSICO; | ) | |
| JUDGE JOHN FLYTHE; DISTRICT | ) | |
| ATTORNEY MARK SHAEFER; | ) | |
| PUBLIC DEFENDER JAMES TODD | ) | |
| MITCHELL; and OFFICER RONALD | ) | |
| W. BLANSON, JR., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, detained at Charles B. Webster Detention Center ("the detention center") in Augusta, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.     SCREENING THE COMPLAINT**

   **A.     BACKGROUND**

Plaintiff names the following Defendants: (1) Sheriff Richard Roundtree; (2) Major Jack Fransico; (3) Officer Ronald W. Blanson, Jr.; (4) Judge John Flythe; (5) District Attorney Mark

Shaefer; and (6) Public Defender James Todd Mitchell.  (Doc. no. 1, pp. 1-3.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff is a pre-trial detainee at the detention center.  (Id. at 5.)  Defendants "are all in conspiracy of depriving [Plaintiff] of [his] due process of law; and access to the law library." (Id.)  District Attorney Shaefer and Public Defender Mitchell have been working with Judge Flythe to deprive Plaintiff of his access to the courts by ordering Plaintiff to undergo a mental evaluation.  (Id.)  Plaintiff seeks $1,500,000.00 per day he is deprived of his rights.  (Id. at 6.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.   Plaintiff Fails to State a Denial of Access to the Courts Claim Against Any Defendant

To state a viable denial of access to the courts claim, a plaintiff must allege actual injury to existing or contemplated litigation or nonfrivolous (and therefore viable) claims challenging Plaintiff's sentence or conditions of confinement. Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998); see also Lewis v. Casey, 518 U.S. 343, 349-55 (1996).  There must be evidence of deterrence of a nonfrivolous claim "such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." Wilson, 163 F.3d at 1290-91.  Stated otherwise, there must be an allegation that

3

the actions of a defendant acting under the color of state law "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" Id. at 1291 (citation omitted).

To show actual injury, a plaintiff must show he had a legitimate claim that jail officials restricted him from pursuing. Al-Amin v. Smith, 511 F.3d 1317, 1333 (11th Cir. 2008). "[T]he very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." Christopher v. Harbury, 536 U.S. 403, 414-15 (2002). Therefore, the complaint must contain allegations sufficient to give fair notice of what was allegedly lost and show "that the 'arguable' nature of the underlying claim is more than hope." Id. at 416. Accordingly, "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Id. at 415.

Here, Plaintiff fails to provide *any* detail about actual injury to existing or contemplated litigation or nonfrivolous (and therefore viable) claims. First, Plaintiff acknowledges he has a public defender assigned to represent him in his criminal proceedings. In Georgia, a criminal defendant has no right to simultaneously represent himself and be represented by an attorney, "and pro se filings by represented parties are therefore 'unauthorized and without effect.'" Tolbert v. Toole, 767 S.E.2d 24, 29 (Ga. 2014) (citations omitted). Second, Plaintiff does not identify any civil issue he has not been able to raise, and therefore has not pled any viable claims have been hindered. Therefore, the Court concludes Plaintiff's complaint fails to state a viable denial of access to the courts claim upon which relief can be granted. See Christopher, 536 U.S. at 417-18.

### 3.     Plaintiff Fails to State a Conspiracy Claim Against Any Defendant

To state a viable conspiracy claim, Plaintiff must make more than vague and conclusory allegations. See Twombly, 550 U.S. at 556-57; Kearson v. S. Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985) (*per curiam*); see also Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. . . . It is not enough to simply aver in the complaint that a conspiracy existed." (citations omitted)); Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*) ("The naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts provides an insufficient state action nexus for a section 1983 action." (citation omitted)).  In addition to alleging Defendants acted under color of state law, Plaintiff must also plead:  (1) Defendants came to an understanding or agreement to deprive Plaintiff of a constitutional right, and (2) the result of the conspiracy was "an actual denial" of a constitutional right.  Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1327 (11th Cir. 2015).

Initially, Plaintiff's conspiracy claim fails because it is completely devoid any factual allegations concerning communication between any of the Defendants that caused an understanding or agreement to be reached to deny Plaintiff any constitutional right. See Bailey v. Bd. of Cty. Comm'rs, 956 F.2d 1112, 1122 (11th Cir. 1992) (explaining "linchpin for conspiracy is agreement, which presupposed communication").  In a one-paragraph statement of claim, Plaintiff simply lists the names of the six Defendants and states in conclusory fashion they "are all in a conspiracy" to deprive him of his due process rights and access to the law library. (Doc. no. 1, p. 5.)  Moreover, Plaintiff has provided no details about the "actual denial" of a constitutional right.  He details no process that he has been denied, and as described herein, he

5

fails to make out a valid denial of access to the courts claim. In sum, Plaintiff fails to state a conspiracy claim upon which relief can be granted.

### 4.   Judicial Immunity for Judge Flythe

Even if Plaintiff had stated a denial of access to the courts or conspiracy claim - which he has not - Plaintiff's request for monetary damages against Judge Flythe is barred by judicial immunity.[1] It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority." Rehberg v. Paulk, 566 U.S. 356, 363 (2012); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). Thus, the Court must determine whether Judge Flythe, as the presider over Plaintiff's pretrial proceedings, is dealing with Plaintiff in a judicial capacity and whether the conduct alleged clearly fell outside his subject matter jurisdiction. See Stump, 435 U.S. at 359-64.

As Plaintiff makes no allegation Judge Flythe acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether his actions were of the type normally performed by judges. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), aff'd, 784 F.2d 403 (11th Cir. 1986) (Table). Here, Plaintiff alleges Judge Flythe ordered Plaintiff to undergo a mental evaluation as part of his pretrial proceedings. Plaintiff provides no details to suggest the challenged action was not of the type normally performed

---

[1]To the extent Plaintiff's claims against Judge Flythe could be construed as a request for injunctive relief, such claims are not barred by the same principles as those barring requests for monetary damages. See Bolin v. Story, 225 F.3d 1234, 1239-43 (11th Cir. 2000) (*per curiam*). Nonetheless, as discussed herein, Plaintiff fails to state a valid claim for conspiracy or denial of access to the courts.

by judges. See, e.g., Brown v. State, 809 S.E.2d 742, 745 (Ga. 2018) (describing pretrial proceedings in which trial court ordered mental evaluation to determine a defendant's competency to stand trial). To the extent Plaintiff contends Judge Flythe engaged in a conspiracy with the other defendants in the case, as explained above, vague and conclusory allegations will not support a conspiracy claim. Kearson, 763 F.2d at 407; Fullman, 739 F.2d at 556-57; Phillips, 746 F.2d at 785. Thus, Plaintiff fails to state a valid claim for relief for against Judge Flythe.

### 5. No Claims Against Assistant District Attorney Shaefer and Public Defender Mitchell

Likewise, even if Plaintiff had a valid conspiracy or denial of court access claim, as an Assistant District Attorney, Defendant Shaefer enjoys immunity for his prosecutorial actions. "A prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). This absolute immunity shields prosecutors from liability for "actions taken . . . in their role as advocates." Rehberg v. Paulk, 566 U.S. 356, 363 (2012). "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations omitted). As Plaintiff's claims against Defendant Shaefer rest entirely on his actions taken as a prosecutor, he fails to state a valid § 1983 claim against him.

Likewise, Plaintiff fails to state a claim against his Public Defender, Defendant Mitchell. Public defenders "are not state actors for purposes of § 1983." Rolle v. Glenn, 712

F. App'x 897, 899 (11th Cir. 2017) (*per curiam*) (citing Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981)).  As Plaintiff's claims against Defendant Mitchell rest entirely on his actions taken as a public defender, he fails to state a valid § 1983 claim against him.

## II.     CONCLUSION

For the reasons set forth above, Plaintiff fails to state a claim upon which relief can be granted against any Defendant.  Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of July, 2020, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA